# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **BRANDON DEVONTAE KEMP,** | : | |
| | : | |
| **Plaintiff,** | : | |
| v. | : | Case No. 5:25-cv-59-CAR-AGH |
| | : | |
| **WARDEN ANDREW MCFARLEN,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER

Pending before the Court is a Complaint filed by *pro se* Plaintiff Brandon Devontae Kemp, an inmate currently incarcerated at the Valdosta State Prison in Valdosta, Georgia (ECF No. 1).  On March 18, 2025, the Court ordered Plaintiff to either pay the $405.00 filing fee in full or submit a proper and complete motion to proceed IFP, to include a certified copy of his prison trust fund account information.  Plaintiff was given fourteen (14) days to comply, and he was advised that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of this action.  *See generally* ECF No. 5.

The time for compliance passed without a response.  As such, Plaintiff was ordered to respond and show cause why this case should not be dismissed for failure to comply with the March 18, 2025 Order.  Plaintiff was also again ordered to comply with the March 18th Order.  Plaintiff was given another fourteen days to respond, and he was warned that

the failure to fully and timely comply could result in the dismissal of this case. *See generally* ECF No. 6.

The time for compliance has again expired without a response from Plaintiff. A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with the court's orders. *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240-41 (11th Cir. 2009) (first citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); and then citing Fed. R. Civ. P. 41(b)) (finding court did not err in dismissing the third amended complaint for failure to follow the court's instructions regarding how to amend the complaint). Dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)) (upholding dismissal without prejudice of *pro se* prisoner's complaint for failure to follow court's instructions). This action is therefore **DISMISSED without prejudice** because Plaintiff failed to comply with the Court's March 18, 2025 Order.

**IT IS SO ORDERED** this 30th day of May, 2025.

                                                  s/ C. Ashley Royal
                                                  C. ASHLEY ROYAL, SENIOR JUDGE
                                                  UNITED STATES DISTRICT COURT