IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **BRANDON DEVONTAE KEMP,** | : | |
| Plaintiff, | : | |
| v. | : | Case No. 5:25-cv-59-CAR-AGH |
| **WARDEN ANDREW MCFARLEN,** *et al.*, | : | |
| Defendants. | : | |

# ORDER

Presently pending before the Court are the claims of *pro se* Plaintiff Brandon Devontae Kemp, an inmate currently incarcerated in the Valdosta State Prison in Valdosta, Georgia, seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). On May 30, 2025, the Court dismissed Plaintiff's Complaint for failure to comply with its previous orders and instructions and entered judgment (ECF Nos. 7, 8). In doing so, the Court noted that Plaintiff had not responded to the Court's March 18, 2025 Order directing Plaintiff to pay the filing fee or submit a complete and proper motion to proceed *in forma pauperis* or the April 22, 2025 Order directing Plaintiff to show cause why his lawsuit should not be dismissed for failure to comply with the March 18th Order. Shortly after the Court entered its order of dismissal, however, Plaintiff filed a motion for reconsideration of the order of dismissal (ECF No. 9). Plaintiff has since filed another letter further explaining his failure to comply with the March 18th Order (ECF No. 10) and a response to the April 22nd Show Cause Order (ECF No. 11).

In light of the Court's duty to liberally construe *pro se* pleadings, and because final judgment has been entered, the Court will construe Plaintiff's motion for reconsideration as one to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Castro v. United States*, 540 U.S. 375, 381-82 (2003) (noting that "[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category" for reasons including the creation of "a better correspondence between the substance of a *pro se* motion and its underlying legal basis" and the avoidance of "an inappropriately stringent application of formal labeling requirements"). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (alteration in original) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). Such motions cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).

In this case, Plaintiff asserts that he did not receive the Court's orders with sufficient time to respond due to delays with the prison mailing system. ECF No. 9 at 1. Plaintiff supports this contention by submitting documents that show that he received his prison trust fund account statement on May 7, 2025. *See, e.g.,* ECF No. 10 at 1. He also submits a request for indigent postage dated May 7, 2025 that took two weeks for prison officials to process. ECF No. 9-1 at 1. Finally, Plaintiff submits a copy of his prison trust fund account information that complies with the Court's March 18th Order. *See*

*generally* ECF Nos. 11-1, 11-2. Based on these submissions, the Court finds that relief under Rule 59(e) is appropriate. Plaintiff's motion (ECF No. 9) is **GRANTED**, and the Court **VACATES** the Court's May 30, 2025 Order (ECF No. 7) and Judgment (ECF No. 8). The Clerk is **DIRECTED** to remand this case to the assigned United States Magistrate Judge for preliminary screening under 28 U.S.C. § 1915A and § 1915(e) and any additional further proceedings in accordance with the February 19, 2025 Order of Referral (ECF No. 3).

**SO ORDERED** this 5th day of January, 2026.

s/ C. Ashley Royal  
C. ASHLEY ROYAL, SENIOR JUDGE  
UNITED STATES DISTRICT COURT